Eric Ollason(AZ Bar #014860)
182 North Court Avenue
Tucson, Arizona 85701
(520) 791-2707
Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

In re:

JEREMY K. AYOSO and ATHENA AYOSO,

        Debtors.

In proceedings under Chapter 13

No. 05-6020 TUC-JMM

**CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE**

<u>THIS PLAN CAN MODIFY YOUR RIGHTS AS A SECURED OR UNSECURED CREDITOR,</u>

<u>PLEASE READ CAREFULLY.</u>

1. **PROPERTY AND INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of property and future income to the Trustee for distribution under the Plan:

    a. **FUTURE EARNINGS OR INCOME.** Debtor shall pay an initial sum of $1,250.00 per month to the Trustee, on or before the 1st, day of the month, commencing April 1st, 2006.

        Debtors are to make their Plan payments in the form
of a cashier's check, or money order payable to Dianne C. Kerns,
Chapter 13 Trustee, POB 366, Memphis, TN 38101-0366.

2. **DURATION.** This Plan shall continue for 45 months from the first payment. If at any time before the end of this period all claims are paid, the Plan shall terminate.

3. **CLASSIFICATION AND TREATMENT OF CLAIMS.** The provisions of this Plan are intended to bind all creditors under 11 U.S.C. Section 1327. Failure to file an objection can affect the creditor's rights as a secured, or unsecured creditor. **The confirmation process will be determinative of any conflicts between allowed claims and amounts provided for in this Plan. This plan can be confirmed without hearing if parties in interest or the Trustee file no objections.**

The claims shall be classified and paid in the order listed below:

    a. **ADMINISTRATIVE EXPENSES.**

  (1) **Trustee's Fees:** The Trustee's fees will be determined by the prevailing percentage rate as set by 28 U.S.C. §586(e)(1)(B) and (e)(2), at the time of confirmation, but shall not exceed a maximum of 10% of each payment made by the Debtors.

  (2) **Attorney's Fees and Application for Administrative Expense:** A total of $1950.00 shall be paid prior to commencement of payments on any claims listed hereafter. Prior to filing, Eric Ollason, has been paid

$1009.00, which includes the filing fee.

In support of its application for payment of administrative expense, counsel has performed, and/or may perform, the following services, all of which are necessary to obtain Court approval of Debtors' Chapter 13 Plan and to help Debtors to complete their Plan. The administrative fee is a flat fee subject to contingencies as described below in section 8:

1) Counsel has analyzed Debtors' financial situation and provided advice and assistance in determining whether to file a bankruptcy petition under Title 11, of the United States Code and which Chapter of the Bankruptcy Code would be most appropriate for Debtors.

2) Counsel has assisted in reviewing financial information provided by Debtors and prepared and filed the Chapter 13 petition, all necessary schedules, statement of affairs and other documents required by the court. Counsel has formulated and prepared a Chapter 13 plan.

3) Counsel has, or will, respond to creditor inquiries regarding the status of the case, provide information regarding Debtors, their case, their plan, provide account numbers where appropriate, provide information regarding the filing of proofs of claim, assist in stopping postpetition collection activities, and, where appropriate, provide direct notice to creditors to quash garnishments, release levies, continue pending court or foreclosure actions and prevent repossession of property.

4) Counsel will assist in the resolution of taxation issues that may arise during the case as well as resolution of prepetition tax matters. This may include, but is not limited to, providing information to the respective tax authorities and assisting in establishing claims, obtaining the release of postpetition tax refunds and staying postpetition tax collection actions.

5) Counsel will attend and represent Debtors at the Section 341(a) meeting of creditors; prepare a Chapter 13 Plan that will be noticed to the Trustee and parties in interest. Counsel will attend and represent Debtors at a Confirmation Hearing, if a hearing is required, resolve objections to the Plan, and present an Order of Confirmation to the Judge for signature, formally approving the Chapter 13 Plan.

6) Counsel will represent Debtors before the Court in all matters pertaining to their Chapter 13 proceeding and shall remain counsel of record through discharge or dismissal of the case. To this end, Counsel shall be available for consultation with Debtors throughout the pendency of the case, at no additional charge.

7) All costs and expenses incident to representation are included in the flat fee described above.

8) The amount agreed to be paid is to be paid as compensation only for those services described above, and does not, and is not intended to obligate or compensate Eric Ollason for any other legal services which may become necessary during the course of the Chapter 13 case. Examples of such other services are as follows: Response to Motion to Lift Stay, Motion to Reinstate Chapter 13, Amend or Modify Chapter 13 Plan, Motion and Hearing to Authorize Sale, Motion to Incur Indebtedness, Motion to Waive Interim Payments, Preparation of Interrogatories and Discovery, Complaint for Turnover of Property, Motion to Abandon, Motion for Moratorium, or other extraordinary motions or adversary proceedings.

Should additional fees be charged to Debtors, application shall be made to the Bankruptcy Court pursuant to 11 U.S.C. §329 and Bankruptcy Rules 2003, 2016.

Eric Ollason shall be compensated on an hourly basis or on a flat fee to be determined prior to the performance of such additional services. For the above work, time will be charged at our standard hourly rates as they are adjusted from time to time with the firm's clients.

Any advance fee for additional services shall be deposited immediately with Eric Ollason, in the firm's trust account, against which the attorneys will bill for time, costs advanced and expenses, and accounting for same

on a monthly basis. Upon completion of the legal services, any remaining balance in the trust account shall be refunded to the client; the client shall pay any deficit.

b. **CLAIMS SECURED BY REAL PROPERTY.** The following creditor shall retain security interest in real property and the Trustee shall have no interest in or claim to the property securing the claim. Regular monthly payments becoming due after the filing of the petition shall be made outside of this Plan. No payment shall be deemed late and the agreement that is the basis for a claim shall not be deemed in default as a result of arrearages cured under this Plan. **The estimated arrearages listed below shall be adjusted to reflect the actual arrearage at the time of plan confirmation, as reflected in the creditor's allowed proof of claim.** The arrearage as adjusted (including late charges) shall be cured prior to commencement of payment on claims listed hereafter, and said arrearage, as listed, and as applicable, shall be cured within the length of this Plan, or 36 months.

The Debtors' homestead exemption in the real property, and in any identifiable cash proceeds from the sale of the real property is allowed. Debtors may sell their homesteaded property upon Court order. Pursuant to A.R.S. Title 33 Section 1101, proceeds from the sale of the Debtors' homesteaded real property may be used in any manner without further order of this Court. All identifiable cash proceeds from the sale of the Debtors' homesteaded real property shall become the sole property of the Debtors to the extent of the protected equity in such property.

| CREDITOR/ SECURITY | INTEREST RATE | ARREARAGE |
|---|---|---|
| None | | |

c. **CLAIMS SECURED BY PERSONAL PROPERTY.**

(1) The following creditors shall retain their lien interest in property securing their claims. **They shall be paid the lesser of the debt balance or the value of the property, as indicated below, securing their claim, plus interest at the rate specified below on the secured portion of the claim**. (The balance shown below, and in Debtors' schedules, is Debtors' best faith estimate of the total balance of the respective claims on the date of filing the petition. A timely filed, allowed proof of claim, reflecting a different total balance will supersede the estimated balance provided by Debtors. **While the total balance will supersede the Debtors' estimate of the claim, the confirmation process will determine the amounts to be paid as secured and unsecured components of the allowed claim**). Upon payment of the amount stated below, the security interest shall be released. Any unpaid balance shall be classified and paid as an unsecured claim **based upon creditor's duly filed and allowed claim.** Claims paid as secured shall be paid in full, in the amounts provided for below, prior to commencement of payment on any claims thereafter.
**Any creditor who disagrees with the treatment of its claim as proposed by this Plan must file an objection to the Plan and serve a copy of the objection upon Debtors' counsel within 60 days of the first meeting of creditors set by the court. The confirmation process will be the final word in any conflicts between allowed filed claims and amounts provided for each claim as shown below. A creditor that does not object to the proposed treatment of its claim will be deemed to have accepted the treatment provided for in the Plan and will be bound by the terms of the Plan as written.**

Any claims not specifically named in this Plan are presumed to be unsecured claims. **Creditors, including, but not limited to Sears, Roebuck & Co., Montgomery Ward, Radio Shack and/or J.C. Penney Co., claiming secured status, shall serve a copy of said claim, proof of security, and an objection to the Plan upon Debtors' counsel within 60 days of the first meeting of creditors set by the court.**

3

If no objections are filed and served upon Debtors' counsel within 60 days from the date of the first meeting creditors set by the court, claims not specifically named below will be treated as other unsecured claims.

| CREDITOR/ SECURITY | BALANCE/ VALUE OF SECURITY | INTEREST RATE | PAID AS: SECURED/ UNSECURED |
|---|---|---|---|
| *Credit Union of Hawaii/ 2002 Dodge Dakota | $22,941.00/ $14,500.00 | 8% | $14,500.00/ $8,441.00 |
| **Household Auto/ 2005 Kia Optima | $12,000.0/ $11,000.00 | 8% | $11,000.00/ $1,000.00 |

*Credit Union of Hawaii, secured by a 2002 Dodge Dakota, shall be paid adequate assurance payments of $145.00 per month until the plan is confirmed. However, the Trustee shall not disburse payments for adequate assurance until the plan is confirmed.

**Household Auto Finance, secured by a 2005 Kia Optima, shall be paid adequate assurance payments of $110.00 per month until the plan is confirmed. However, the Trustee shall not disburse payments for adequate assurance until the plan is confirmed.

  d. **TAX CLAIMS.** With respect to prepetition claims, prior to and upon confirmation, the automatic stay pursuant to 11 U.S.C. §362 will remain in full force and effect on all real and personal property of the Debtor until the discharge or dismissal of this proceeding.

The automatic stay is hereby modified to permit taxing agencies to offset overpayments for any prepetition tax periods of the debtor against any prepetition tax liabilities.

**ANY TAXING AGENCY THAT DISAGREES WITH ITS TREATMENT AS DESIGNATED BELOW MUST FILE AN OBJECTION WITH THE COURT. THE LACK OF A TIMELY OBJECTION BY THE TAXING AGENCY, WILL CONSTITUTE THE TAXING AGENCY'S FULL APPROVAL OF ITS TREATMENT UNDER THIS PLAN.**

  1) **Secured Claims.** (Notice of tax lien filed before petition date). Tax liens attach to equity interest of Debtors' real and personal property, regardless of exemptions allowed under the Bankruptcy Code.

Secured Tax claims upon which interest pursuant to IRC Sections 6621 and 6622 is to be paid:

| **YEAR** | **TYPE** | **AMOUNT** |
|---|---|---|
| None | | |

All tax liens placed by the respective tax
agencies to be released and extinguished upon
payment, or upon entry of discharge pursuant to
11 U.S.C. Section 1328(a).

2) **Unsecured Priority Claims.** The following unsecured priority tax claims shall be paid at 100% of the allowed proof of claim, without post-petition interest. Payment on the priority tax claims shall begin after payment of administrative expenses and any secured claims. All taxes not paid by the Plan, or a claim that is not allowed because it was not timely filed, shall be discharged by these proceedings, even though no payments are received by the creditor.

| **YEAR** | **TYPE** | **AMOUNT** |
|---|---|---|
| None | | |

3) **Unsecured General Claims.** The following tax claims and penalties are unsecured general claims and will be discharged by this proceeding.

| **YEAR** | **TYPE** | **AMOUNT** |
|---|---|---|
| None | | |

4) Debtor(s) will initial the following correct answer regarding filed/unfiled income tax returns.

\_\_\_\_\_ \_\_\_\_\_ Yes, to the best of my knowledge and belief I have filed all required income tax returns, both state and federal.

\_\_\_\_\_ \_\_\_\_\_ No, I have not filed all required income tax returns, (federal and/or state). I am aware that the returns must be filed immediately, or I risk the dismissal of my Chapter 13 proceeding.

e. **CODEBTOR CLAIMS.** Codebtor claims to the following to be paid in full by this Plan, prior to general unsecured claims pursuant to 11 U.S.C. Section 362(a) and Section 1301.

None

f. **UNSECURED CLAIMS**. All other claims, including the unsecured portions of secured claims that are bifurcated in paragraph 3©) above, shall be classified as unsecured with any claims of security interests in property being avoided. Allowed unsecured claims shall be paid the balance of payments under the Plan, pro rata, in full satisfaction of the claims, except for any disputed or rejected claims. The balance being paid to unsecured creditors may be adjusted, and/or decreased, should the secured claims require higher payment pursuant to 11 U.S.C. §1325(a)(5)(B) or priority liabilities are higher than originally estimated. Any amounts unpaid shall be discharged. The Plan meets with requirements of the Code, and achieves Chapter 7 reconciliation, as the unsecured creditors will receive more under this Chapter 13 Plan than they would receive in a Chapter 7 liquidation. Chapter 7 liquidation value would be as follows:

|                          |               |
|--------------------------|---------------|
| Debtor's total interest  | = $18,000.00  |
| Minus cost of sale       | ( $1,800.00)  |
| **\*Liquidation Value**  | **= $16,200.00** |

4. **OBJECTIONS.** Objections, by all creditors to the Plan, must be filed within 60 days from the date of the first meeting creditors set by the court. The Trustee shall file an objection within 90 days of the date of the first meeting creditors set by the court. **If no objections are filed, the plan may be confirmed without a hearing.**

5. **LIEN AVOIDANCE.** Debtors hereby elect to avoid the fixing of liens pursuant to Section 522(f) of the Bankruptcy Code. All secured creditors, except those whose liens are avoidable pursuant to the provisions of Section 522(f) shall retain their liens until paid as provided for by this Plan.

   None

6. **REJECTION OF CLAIMS - SECURED CREDITOR.** Debtors elect to surrender to the listed creditor(s) the collateral subject to a lien or lease. The listed creditor(s) may file an unsecured proof of claim for any deficiency balance remaining after public or private sale, or other reasonable disposition, of the collateral.

   None

7. **EXCLUSION OF CREDITORS.** Notwithstanding any other provisions of this Plan, Debtors elect not assume the existing lease or contract with creditors named in this paragraph. These named creditors shall not be dealt with or provided for by this Plan.

   None

8. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of the Order Confirming the Plan. Property of the estate shall vest in the Debtors upon confirmation, including all future tax refunds. The Debtors may use the estate property in any manner, or may sell the property, other than homestead property without further order of this Court. With respect to prepetition claims, prior to, and upon confirmation, the automatic stay pursuant to 11 U.S.C. Section 362 will remain in full force and effect on all real and personal property of the Debtors until a discharge under 11 U.S.C. Section 1328 is granted, or until the dismissal of this proceeding.

9. **POST PETITION CLAIMS.** Claims allowed for post petition debts incurred by Debtors may be paid in full and in such order and on such terms as the Trustee, in his/her sole discretion, may determine. The Trustee may file to dismiss this case, if Debtors incur post petition debts without the written consent of the Trustee and Debtors fail to keep such obligations current in payment.

10. **GENERAL PROVISIONS.** If this case is filed as a joint Debtors case, the Debtors' estate shall be fully consolidated for purposes of administration. Pursuant to Section 1322 (b) (3) of the Bankruptcy Code, Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in Debtors' payments to the Trustee under this Plan.

PLAN DATED this  24th,  day of February, 2006.

/s/ Jeremy Ayoso
Jeremy Ayoso
Debtor


/s/ Athena Ayoso
Athena Ayoso
Debtor


/s/ Eric Ollason
Eric Ollason
Attorney for Debtor

| | |
|---|---|
| 1 | **PLAN ANALYSIS** |
| 2 | Debtor(s) Jeremy and Athena Ayoso          Case No. 05-0620 TUC-JMM |
| 3 | Prior: Bankruptcy         Chapter 13     Date: |
| 4 | Estimated length of Plan: 45 months |
| | TRUSTEE USE: |
| 5 |     Section 341(a) Meeting Date:_____ |
| 6 |     Continued: _____ |
| |     Confirmed Date:_____ |
| 7 | ************************************************************** |

TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES.

A.    TOTAL PRIORITY CLAIMS:
      1. Unpaid attorney fees .................................... $ 1,950.00
      2. Taxes ....................................................... $     .00
      3. Property Taxes......................................... $     .00
B.    TOTAL OF PAYMENTS TO CURE DEFAULTS............. $     .00

C.    PAYMENTS ON SECURED CLAIMS..................$29,600.10(est.)
      1 Credit Union of Hawaii...................$16,831.35
      2. Household Auto............................$ 12,768.75

D.    TOTAL OF PAYMENTS ON GENERAL
      UNSECURED CLAIMS................................$18,974.90 (est.)
E.    ESTIMATED COURT COSTS.............................. $   100.00
F.    SUBTOTAL................................................... $50,625.00
G.    TOTAL OF TRUSTEE'S COMPENSATION (10% of
      Debtor(s)' payments)..................................... $ 5,625.00
H.    TOTAL DEBT AND ADMINISTRATIVE EXPENSES....... $56,250.00
**************************************************************
      CHAPTER 7 RECONCILIATION
I.    INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER
   7 FILED.
  1. Value of Debtor(s)' interest in nonexempt property.................$18,000.00
  2. Plus: value of property recoverable under avoiding powers.....$-0-
  3. Less: estimated Chapter 7 administrative expenses................ $ 1,800.00
  4. Less amounts payable to priority creditors
     other than costs of administration ....................................$ -0-
  5. Equals: estimated amount payable to general unsecured
creditors if Chapter filed..........................................................$ 16,200.00
J.    ESTIMATED DIVIDEND FOR GENERAL UNSECURED
      CREDITORS UNDER CHAPTER 7 ........................ $ 16,200.00
K.    ESTIMATED DIVIDEND UNDER PLAN ................... $ 18,974.90 (est)

\*\*IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN
  ANALYSIS, THE PROVISIONS OF THE PLAN AS CONFIRMED CONTROL.

9